**In re DREXEL BURNHAM LAMBERT GROUP, INC., et al., Debtors.**

**Bankruptcy No. 90 B 10421.**

United States Bankruptcy Court,
S.D. New York.

March 4, 1992.

C.D. Montgomery, Milgrim, Thomajan & Lee, P.C., New York City, for the Official Committee of Equity Sec. Holders.

E. Schallert, Debevoise & Plimpton, New York City, for Lambert Brussels Associates (LBA).

## MEMORANDUM OF DECISION 1129(b) OBJECTION TO PLAN CONFIRMATION

FRANCIS G. CONRAD, Bankruptcy Judge.*

LBA has filed an objection to confirmation [1] of the Debtors' (DBL Group) Plan of Reorganization alleging that the Plan is unfairly discriminatory, violating § 1129(b)(1). We disagree and overrule the objection for three reasons. First, the classification of DBL Group Classes 8 and 9 are rational because the members of each class own distinct securities possessing different legal rights. Second, the Plan treats all equity holders in an identical non-discriminatory manner. Lastly, the absolute priority rule is not violated.

LBA asserts that the treatment of DBL Group Classes 8 and 9 is unfair and discriminatory because New Street Warrants [2] issue only to classes that vote in favor of the Plan.[3] Under the Plan, if Classes 7 or 8 or 9 vote in favor of the Plan, then each accepting class will receive New Street Warrants. If, on the other hand, Classes 7, 8 or 9, individually, or collectively, vote against the Plan, then any non-accepting class does not receive New Street Warrants.

Class 7 is made up of Preferred Stock Equity Interests. Preferred Stock Equity Interests are the total number of shares of 1989 Preferred Stock, 1989 Special Preferred Stock, or 1989 Special B Preferred Stock outstanding as of the Record Date, whether held in a fiduciary capacity or directly by any DBL Employee. Class 7 voted in favor of the Plan. Class 8 is made up of all equity interests held by LBA and any claims of LBA related to the acquisition or ownership of such equity interests. LBA owns 100% of the equity interests in DBL Group Class 8, and, by virtue of Bankruptcy Code § 1126(d), controls the vote. Class 8 voted against the Plan. Class 9 consists of equity interests not in Classes 7 or 8. Class 9 has voted in favor of the Plan.

■ First, the classification of DBL Group Classes 7, 8 and 9 are rational because the members of each class own distinct securities and possess different legal rights. Bankruptcy Code § 1122(a) [4] allows a claim or interest to be placed in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class. It does not require that similar classes be grouped together, but merely that any group be homogenous. *In re AG Consultants Grain Division, Inc.,* 77 B.R. 665, (Bkrtcy. N.D.Ind.1987). *See, also, In re Jersey City Medical Center,* 817 F.2d 1055, 1060 (3rd Cir.1987) (§ 1122(a) prohibits the identical classification of dissimilar claims but does not require the same classification for

---

* Sitting by Special Designation.

1. Our subject matter jurisdiction over this matter arises under 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is a core matter under 28 U.S.C. § 157(b)(2)(A) and (L). This Memorandum of Decision constitutes conclusions of law under Federal Rule of Civil Procedure Rule 52 as made applicable by Federal Rules of Bankruptcy Procedure Rule 7052.

2. The Plan defines "New Street Warrants" to mean "warrants issued pursuant to the Plan to purchase up to twenty percent (20%) of the shares of common stock of New Street issued on the Consummation Date on a fully diluted basis (assuming all such warrants are exercised), substantially upon the terms and condi-

tions described in the New Street Warrants Agreement." The New Street Warrants Agreement can be found in the Plan, exhibit M.

3. Disclosure Statement, p. 110, § bb provides in relevant part, "If any of DBL Group Classes 7, 8 and 9 fails to accept the Plan, the Plan may be confirmed in accordance with § 1129(b) ... without amendment. The holders of such Equity Interests in the nonaccepting Class will receive no ... New Street Warrants, and the ... Warrants otherwise distributable in respect of such Class will not be issued." See specifically, First Amended and Restated Joint Plan of Reorganization, Article IV, IX.

4. Bankruptcy Code § 1122(a) provides: "Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class."

claims or interests that may share some attributes).

Here, DBL Group Classes 7, 8 and 9 are dissimilar, certainly not homogenous except that they are equity interests, and need not be classified together. Specifically, Class 7 consists of Preferred Stock Interests and are substantially different from the Common Stock Equity Interests represented by Classes 8 and 9.

Class 8, on the other hand, consists of equity interests arising from the Series E Preferred Stock, class 1 issued by DBL Group. All of these outstanding shares were held by LBA on DBL Group's petition date. Series E Preferred Stock, under its certificate of designation, has rights and attributes that are unique to the Series E Preferred Stock, but there is no understanding or other evidence, that such Stock was entitled to any priority or preference in liquidation over the Common Stock of DBL Group. Class 8 also includes equity interests arising from Class C Stock Series 1 and 2 issued by DBL Group. All of these outstanding shares were held by LBA on the Petition Date of DBL Group. The Series C Stock, under its certificate of designation, has rights and attributes that were unique to the Series C Stock. Like Series E, it is not entitled to any priority or preference in liquidation over the Common Stock of DBL Group. Finally, Class 8 includes related claims arising from the purchase or issuance of Series E Preferred Stock and Series C Stock or under the related Exchange Agreement between LBA and DBL Group, dated November 27, 1989.

All of the Common Stock of DBL Group is placed for Plan purposes into DBL Group Class 9. All Common Stock of DBL Group and Class B Common Stock Series 1 and Series 2 have virtually identical attributes.

Therefore, each series of securities issued to the respective members of DBL Group Classes 7, 8 and 9 entitles the owner to different rights with respect to dividends, redemption, voting, and liquidation. DBL Group Class 7 is comprised of Preferred Stock Interests. DBL Group Class 8 is comprised of equity interests that are substantially similar to the other equity interests in its respective class. Additionally, DBL Group 9 is comprised of substantially similar equity interests. Accordingly, the Plan's classification of these equity interests complies with § 1122(a).

■ Second, despite the differences attributable to Class 7, 8 and 9, the Plan treats all equity holders in an identical nondiscriminatory manner. Classes 7, 8 and 9 are receiving the same treatment for their respective interests under the Plan. DBL Group Classes 8 and 9 are of identical priority. The Plan securities and their method of distribution to members of both of these classes are identical. If either class accepts the Plan, its members will receive warrants in amounts proportionate to the size of their holdings of common stock equivalents under the DBL Group Charter.

Section 1129(b)(1) of the Bankruptcy Code provides that if a Class rejects the Plan, a Court may confirm the plan "[i]f the plan does not discriminate unfairly and is fair and equitable, with respect to each class of claims ... that is impaired under, and has not accepted, the plan."

Here, LBA's election to vote against the plan was an election to receive nothing under the Plan. LBA's treatment under the Plan, however, is exactly the same as all other equity claimants, i.e. vote in favor of the Plan and receive New Street Warrants; vote against the Plan and receive nothing. LBA cannot now complain that their treatment is discriminatory because they elected to receive nothing under the Plan, while other equity classes elected to receive New Street Warrants. Indeed, they elected to be treated differently.

■ LBA's principal objection is that there is no authority in the Bankruptcy Code for discriminating against classes who vote against the plan. LBA cites *In re M Corp, Financial, Inc.*, 137 B.R. 219 (Bkrtcy.S.D.Tex.1992) and *In re Allegheny Intern., Inc.* 118 B.R. 282 (Bkrtcy.W.D.Pa. 1990), which they assert, stand for such a proposition. The plan provisions struck in *Allegheny* and *M Corp* provided that if any class of equity holders rejected the plan,

then that class and any junior class would not receive any distribution. In *Allegheny* class 8.AI.1 preferred shareholders rejected the plan ostensibly preventing any distribution to junior classes 8.AI.2 and 9.AI.1 under the plan. In a footnote, the Court found this provision discriminatory and opted to apply the absolute priority rule. *Id.,* at 304, n. 15.

Initially, we find the instant case factually distinguishable from the cases LBA cited above because here, the only class that is affected by its negative vote is the class itself and not any junior classes. Classes 8 and 9 are ostensibly equal. Additionally, we have no conceptual problem with senior interests offering to junior interests an inducement to consent to the Plan and waive whatever rights they have. Lastly, LBA's objection is teetering on two cases that stand for the proposition that there is "no authority in the Bankruptcy Code for discriminating against classes who vote against the plan." Yet, we find no statutory provision that proscribes such discrimination. Indeed, § 1129(a)(3) provides that the Court shall confirm a plan only if ... the plan is proposed in good faith and not by any means forbidden by law. We do not view the carrot and the stick, factually presented in this case, as forbidden by the Code or any law we know of.

■ In the event, however, it is determined that provisions such as this are in fact discriminatory, we make the alternative finding that this plan provision does not violate of the absolute priority rule.

Section 1129(b)(2)(C) describes two conditions that must exist for cramdown of equity interests to be fair and equitable. First, § 1129(b)(2)(C)(i) provides that equity holders must receive at least what their interest is worth. Here, LBA is receiving exactly what their interest is worth. Nothing. Second, § 1129(b)(2)(C)(ii) provides that no junior interests can receive any property. Here, no class junior in right to DBL Group Classes 8 and 9 is receiving anything.

Counsel for Debtor is to settle an order.